440 COMMONWEALTH v. BERNEY, Appellant (No. 1).

---

## Commonwealth v. Berney, Appellant (No. 2).

*Criminal law—Leasing house for improper purposes—Evidence —Agreement of sale—Bawdy house.*

On the trial of an indictment for leasing a house to be "conducted as a common bawdy house" where it appears that the defendant executed, as agent for his wife, an agreement of sale, providing for payment by monthly installments, and that such agreement was intended by the defendant, and the woman with whom it was made to be a lease, and it also appears that in this transaction defendant's son was his father's special agent and advisor, it is proper to admit in evidence a notice to vacate and deliver up possession served upon the woman, the keeper of the house, by defendant's son after the property had been conveyed to the son by his mother. Such notice is some evidence of the control of the property by the father, as well as his attitude towards the arrangement with the woman in question.

Argued Oct. 23, 1916. Appeal, No. 131, Oct. T., 1916, by defendant, from judgment of Q. S. Blair Co., Oct. T., 1915, No. 22, on verdict of guilty in case of Commonwealth v. B. J. Berney. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for leasing a house to be conducted as a common bawdy house. Before BALDRIGE, P. J.

The facts are substantially the same as in Commonwealth v. Berney (No. 1) supra.

The court charged in part as follows:

"The district attorney has argued to you and has called your especial attention to the notice that was given by Edward Berney, who drew this agreement and was representing his father in the transaction, so far, at least, as drawing the papers was concerned, to the possessor of these properties, H. Hamble, whom I understand is the same as Kate Hammel, notifying her to quit and remove from and deliver up to Edward E. Berney, now owner, etc., etc., these premises. You will have this notice; I have not it fully now.

"The district attorney has called your attention to the fact that that is a notice generally given by a landlord to a tenant. For instance, if you were leasing premises from me, from month to month, and I wanted to get possession of the premises, I would give you a notice of this kind, but if I were selling a property to you and a certain sum was to be paid down, in hand, and you were then to pay a monthly amount thereafter, to me, I would not give you a notice of this kind, as a landlord would give to a tenant. I would have to resort to another proceeding, to get possession of the premises, and this agreement so entered provides for such a proceeding; that is to say, I would come into court here and would confess judgment under this agreement, alleging that there was a default in the conditions of payment as provided, and that there was a balance due, and confess judgment for the balance. Then in order to get possession, I would issue a writ out of the prothonotary's office, so that that notice which has been referred to would not be the kind of notice generally given by one who has sold a property to another who has taken possession of the premises and paid a portion of the purchase-money.

"The district attorney says that the son, Edward Berney, was a graduate of a law school, that he knew what legal steps were necessary to be taken when a man

442 COMMONWEALTH *v*. BERNEY, Appellant (No. 2).

Charge of Court below—Opinion of the Court. [66 Pa. Superior Ct.

was in possession of a premises as a purchaser and defaulted in the payments, as distinguished from what steps were necessary to be taken by a landlord who desired and was attempting to get possession of his premises again, and that the proceedings resorted to were those of a landlord, and not those of a vender of property.

"The district attorney further argues to you that the Berney's recognized themselves as the owners of the property, and that Mr. Berney gave this notice or signed himself as owner thereof. Therefore the Commonwealth contend that in connection with the testimony of Kate Hammel and Edith Salsberg, these documents tend to corroborate and support the contention here upon the part of the Commonwealth that this was an attempt upon the part of this defendant to evade this statute which makes it a crime to lease premises for the purpose of the practice of fornication."

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was portion of charge as above quoting it.

*W. C. Fletcher,* for appellant.

*Marion D. Patterson,* District Attorney, for appellee.

OPINION BY WILLIAMS, J., April 30, 1917:

The facts and legal principles involved in this case are substantially the same as those in No. 131, October Term, 1916, except that the evidence here was stronger. The additional question which need be decided is whether the court below erred in admitting, and commenting in its charge upon, a notice to vacate and deliver up possession, served upon the Hammel woman by defendant's son after the property had been conveyed to him by his mother.

The admission was proper. The son admitted that he

acted as his father's special agent and adviser, and the bona fides of the transfer to the son had been attacked. As the court below said, it was some evidence of the ownership and control of the property by the father under the circumstances, as well as of his attitude towards the arrangement with the Hammel woman.

The judgment is affirmed and the record remitted to the court below for the purpose of execution; and to that end it is ordered that the defendant appear in that court at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof that has not been performed.

ORLADY, P. J., KEPHART and TREXLER, JJ., dissent.